**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4110

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES SKYLER SEBASTIAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:18-cr-00025-JPJ-13)

Submitted:  May 3, 2023                          Decided:  May 24, 2023

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant. Christopher R. Kavanaugh, United States Attorney, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Skyler Sebastian pleaded guilty to a drug conspiracy offense involving 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and to distributing and possessing with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). At sentencing, the district court established an advisory Sentencing Guidelines range of 210 to 262 months' imprisonment after finding that at least 4.5 kilograms of "ice" methamphetamine, i.e., methamphetamine that is at least 80% pure, were attributable to Sebastian. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c), n.(C) (2018). The district court varied downward from that range and sentenced Sebastian to 168 months' imprisonment. On appeal, Sebastian contends that the district court erred in attributing "ice" to him rather than less pure methamphetamine. He also maintains that his below-Guidelines sentence is substantively unreasonable. For the reasons provided below, we affirm the district court's judgment.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

2

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Sebastian contends that his sentence is procedurally unreasonable because the district court erroneously attributed "ice" to him rather than less pure methamphetamine, which increased his Guidelines range. While Sebastian offers several arguments in support of that contention, we find none of them convincing.

Sebastian first claims that the district court should have declined to apply the "ice" provision of the Guidelines because the Guidelines unjustifiably punish offenses involving "ice" more harshly than offenses involving less pure methamphetamine and other drugs that are just as dangerous as "ice." We recently recognized in a decision resolving the consolidated appeals of four of Sebastian's coconspirators, however, that a district court has "discretion as to whether or not to reject" the application of the Guidelines' "ice" provision "for policy reasons." *United States v. Williams*, 19 F.4th 374, 378 (4th Cir. 2021), *cert. denied*, 141 S. Ct. 1392 (2022). And in *Williams*, we held that the district court did not abuse its discretion in rejecting the defendants' request to disregard the "ice"

3

provision of the Guidelines given "the vastness of this conspiracy and the danger posed by [i]ce and the appropriateness of treating higher purity methamphetamine more seriously than lower purity methamphetamine." *Id.* at 378. The district court used that same reasoning in rejecting Sebastian's policy challenge to the "ice" provision of the Guidelines, and based on *Williams*, we discern no abuse of discretion in the district court's ruling.

Sebastian next argues that the district court improperly relied on the unqualified opinions of drug dealers and drug users to find that the conspiracy involved "ice."[1] Sebastian insists that the testimony of a chemist or similar expert was required before the district court could apply the "ice" provision of the Guidelines. For support, Sebastian relies on the Seventh Circuit's decision in *United States v. Carnell*, 972 F.3d 932, 941-42 (7th Cir. 2020), which limits the types of evidence that district courts within that circuit may consider when determining whether a drug conspiracy involves "ice." But in *Williams*, we adopted a more flexible approach than that which the Seventh Circuit employs. 19 F.4th at 379-80. Although we agreed with the Seventh Circuit that "lab results of the drugs from the conspiracy at issue often provide the best evidence that the conspiracy, in fact, involves [i]ce," we ruled that such evidence is not "required in every case." *Id.* at 380. We elaborated that a district court can permissibly find that a drug conspiracy involved "ice" based on "evidence of a drug's source, price and appearance as well as statements or testimony by co-conspirators, users or dealers." *Id.* Our *Williams*

---

[1] As explained below, the district court primarily relied on laboratory test results in making its findings, not lay opinion testimony as Sebastian suggests.

4

decision thus defeats Sebastian's proposed limits on the types of evidence that the district court could consider when making its findings as to "ice."

Sebastian also argues that—irrespective of his position on the types of evidence that a district court can properly consider in making an "ice" finding—the Government did not meet its burden to show that the minimum 4.5 kilograms of methamphetamine attributable to him constituted "ice."[2]  Having reviewed the record, we are satisfied that the district court did not clearly err in finding that Sebastian was responsible for at least 4.5 kilograms of "ice."  *See id.* at 384 (stating standard of review).  Notably, officers seized about 76 grams of methamphetamine from Sebastian during the conspiracy, and laboratory test results proved that the seized methamphetamine was "ice."  *See United States v. Lopes-Montes*, 165 F.3d 730, 732 (9th Cir. 1999) (approving district court's use of purity of drugs seized from defendant to estimate purity of other drugs that defendant agreed to provide).  Officers also obtained about 334 grams of methamphetamine through two controlled purchases from a coconspirator who provided methamphetamine to one of Sebastian's suppliers, and laboratory test results proved that those 334 grams were also "ice." Although the two controlled purchases happened after Sebastian's arrest, the district court could rely on those sales to estimate the purity of the methamphetamine attributable

---

[2] Sebastian's procedural reasonableness argument focuses on the quality of the methamphetamine attributed to him, not the quantity.  In his discussion of the substantive reasonableness of his sentence, Sebastian takes a passing shot at the district court's finding that a seven-pound quantity of methamphetamine was foreseeable to him.  We do not consider such underdeveloped arguments.  *United States v. Fernandez Sanchez*, 46 F.4th 211, 219 (4th Cir. 2022).

5

to Sebastian. *See Williams*, 19 F.4th at 380 (recognizing that district court "must have latitude to consider whatever reliable evidence is available to make its 80% purity determination"). We thus conclude that the district court did not clearly err in finding that the minimum 4.5 kilograms of methamphetamine attributable to Sebastian constituted "ice."[3]

Finally, Sebastian argues that his below-Guidelines sentence is substantively unreasonable. We disagree. Contrary to Sebastian's suggestion, the district court did not improperly assign controlling weight to the seriousness of his offenses when assessing the § 3553(a) factors. *See United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014) (explaining that district court at sentencing should not "focus[] extensively on a single factor . . . at the expense of a reasoned analysis of other pertinent factors"). Rather, along with the seriousness of Sebastian's offenses, the district court addressed many other factors in explaining its chosen sentence, including Sebastian's difficult childhood and addiction issues, both of which he underscores on appeal. At bottom, Sebastian has neither shown that the district court abused its "extremely broad discretion" in weighing the § 3553(a)

---

[3] Sebastian's arguments to the contrary are unconvincing. For example, Sebastian observes that one of his closest coconspirators sold a quantity of non-"ice" methamphetamine during the conspiracy. But in *Williams*, we rejected that coconspirator's argument that his single sale of "non"-ice methamphetamine undermined the district court's application of the "ice" provision. 19 F.4th at 382, 384. Sebastian also relies on his own testimony at the sentencing hearing that a vast majority of his purchases and sales involved non-"ice" methamphetamine. The district court was not required, however, to credit Sebastian's testimony on that point. *See United States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (explaining that "we afford great deference to a district judge's credibility determinations" at sentencing (internal quotation marks omitted)).

factors nor rebutted the presumption of substantive reasonableness afforded to his 168-month sentence. *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

Accordingly, we affirm the district court's judgment. We also deny as moot the Government's motion for summary affirmance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*